# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 14-CR-123-LRR |
| vs. | **ORDER** |
| GERVAIS (KEN) NGOMBWA, | |
| Defendant. | |

_____

The matter before the court is the government's "Motion for Order Revoking Defendant's Citizenship and Canceling Certificate of Naturalization" ("Motion") (docket no. 152), filed on April 26, 2016. In the Motion, the government requests an order from the court revoking Defendant's citizenship and canceling Defendant's certificate of naturalization, pursuant to 8 U.S.C. § 1451(e). *See* Brief in Support of the Motion (docket no. 152-1) at 2. On May 5, 2016, Defendant filed a Resistance (docket no. 155).

8 U.S.C. § 1451(e) states:

> When a person shall be convicted under section 1425 of Title 18 of knowingly procuring naturalization in violation of law, the court in which such conviction is had shall thereupon revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person to be canceled. Jurisdiction is conferred on the courts having jurisdiction of the trial of such offense to make such adjudication.

Under § 1451(e), "[a] criminal conviction under 18 U.S.C. § 1425 results in the mandatory denaturalization of the citizen, and the district court's task in this respect becomes purely 'ministerial.'" *United States v. Maslenjak*, __ F.3d __, __, 2016 WL 1381906, No. 14-3864, at *5 (6th Cir. Apr. 7, 2016) (citing *United States v. Inocencio*, 328 F.3d 1207, 1209 (9th Cir. 2003); *United States v. Maduno*, 40 F.3d 1212, 1217-18 (11th Cir. 1994); *United States v. Djanson*, 578 Fed. App'x 238, 241 (4th Cir. 2014)); *see*

*also United States v. Latchin*, 554 F.3d 709, 716 (7th Cir. 2009) ("Under 8 U.S.C. § 1451(e), a conviction for knowingly procuring naturalization in violation of the law results in automatic denaturalization."); *United States v. Moses*, 94 F.3d 182, 188 (5th Cir. 1996) ("The provision [8 U.S.C. § 1451(e)] is mandatory—the district court *shall* revoke the citizenship if the individual is convicted under section 1425."). "In other words, a district court lacks any discretion in the matter . . . ." *Maslenjack*, 2016 WL 1381906 at *5.

On January 15, 2016, a unanimous jury found Defendant guilty of all four counts charged against him. *See* Jury Verdict (docket no. 120). Two counts of conviction were for violations of 18 U.S.C. § 1425. *See, e.g.*, Indictment (docket no. 2). Further, on May 23, 2016, the court denied Defendant's motion for new trial. *See* May 23, 2016 Order (docket no. 161). Accordingly, pursuant to 8 U.S.C. § 1451(e), the Motion is **GRANTED**.

**IT IS HEREBY ORDERED**:

(1) Judgment is entered revoking, setting aside and declaring void the final order of the Attorney General of the United States admitting Defendant to United States citizenship and canceling Certificate of Naturalization No. 28463159 issued to Defendant;

(2) Defendant, from the date of this order, is forever restrained and enjoined from claiming any rights, privileges or advantages under any document which evidences United States citizenship obtained as a result of Defendant's naturalization on November 19, 2004; and

(3) Defendant shall immediately surrender and deliver to the United States Attorney for the Northern District of Iowa the original Certificate of Naturalization (No. 28463159), any other indicia of United States citizenship and any copies thereof in his possession, and shall make good faith efforts to recover and surrender any copies thereof that he knows are in the possession of others, including but not

limited to United States passports, voter registration cards and other voting documents.

**IT IS SO ORDERED**.

**DATED** this 23rd day of May, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA