# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 14-CR-123-LRR |
| vs. | **ORDER** |
| GERVAIS (KEN) NGOMBWA, | |
| Defendant. | |

## TABLE OF CONTENTS

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.  RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . *1*

*III. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
     *A.   Timeliness and Good Cause* . . . . . . . . . . . . . . . . . . . . *3*
     *B.   Merits* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
     *C.   Harmless Error and Remedy* . . . . . . . . . . . . . . . . . . . *11*

*IV.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

## *I. INTRODUCTION*

The matter before the court is Defendant Gervais (Ken) Ngombwa's "Motion to Merge Counts 1 & 2" ("Motion") (docket no. 189).[1]

## *II. RELEVANT PROCEDURAL HISTORY*

On October 30, 2014, a grand jury returned a four-count Indictment (docket no. 2) charging Defendant with (1) unlawfully procuring or attempting to procure naturalization or citizenship, in violation of 18 U.S.C. § 1425(a); (2) procuring or attempting to procure citizenship to which a person is not entitled, in violation of 18 U.S.C. § 1425(b); (3)

---

[1] A prior version of Defendant's Motion to Merge Counts 1 & 2 was filed at docket no. 175, but was stricken for noncompliance with the court's local rules. *See* August 10, 2016 Order (docket no. 188).

conspiracy to unlawfully procure or attempt to procure citizenship, in violation of 18 U.S.C. §§ 371 & 1425(a); and (4) making a materially false statement, in violation of 18 U.S.C. § 1001(a)(2). On January 15, 2016, a jury unanimously found Defendant guilty of all four counts alleged in the Indictment. *See* Jury Verdicts (docket no. 120). Defendant's sentencing hearing is set for September 22, 2016. *See* July 8, 2016 Order (docket no. 174). On August 11, 2016, Defendant filed the Motion. On August 18, 2016, the government filed a Resistance (docket no. 190). The matter is fully submitted and ready for decision.[2]

### III. ANALYSIS

In the Motion, Defendant argues that Counts 1 and 2 of the Indictment, alleging violations of 18 U.S.C. §§ 1425(a) and 1425(b), constitute the same offense for purposes of the Double Jeopardy Clause of the Fifth Amendment. *See* Motion at 1. Consistent with this argument, Defendant contends that "[t]he two counts must be merged and consolidated for purposes of sentencing" to prevent a violation of the Double Jeopardy Clause. *Id.* at 2. The government resists the Motion on grounds that: (1) the Motion is untimely and Defendant cannot show good cause; (2) Counts 1 and 2 do not allege the same offense; and (3) depending on the sentence imposed by the court, any double jeopardy violation may amount to harmless error. *See generally* Resistance. Defendant argues that, even if the Motion is deemed untimely, there is good cause to consider the Motion because his trial counsel provided ineffective assistance by failing to raise the issue before trial. *See* Motion at 2.

---

[2] On July 29, 2016, Defendant filed a Reply (docket no. 186) to a prior version of the Resistance, which was filed at docket no. 185. The arguments that were included in the Reply have been incorporated into the Motion as filed on August 11, 2016. Therefore, the court will rely solely on the arguments as articulated in the Motion.

### *A. Timeliness and Good Cause*

The government initially argues that the Motion should be summarily dismissed as untimely. *See* Resistance at 3. The government contends that the Motion effectively alleges a defect in the Indictment by claiming that Counts 1 and 2 are multiplicitous, and that a motion alleging such a defect must be raised prior to trial and the court's pretrial deadlines. *Id.* at 3-4. The government further argues that Defendant cannot show good cause sufficient for the court to consider the untimely Motion. *Id.* at 4-5; *see also id.* at 9-15 (addressing Defendant's argument that trial counsel's ineffective assistance amounts to good cause).

Federal Rule of Criminal Procedure 12(b)(3) states the general rule that a defendant wishing to challenge an indictment for "charging the same offense in more than one count (multiplicity)" must do so via pretrial motion. Fed. R. Crim. P. 12(b)(3)(B)(ii). The rule requires that a defendant raise a double jeopardy issue before trial if it "appears on the face of the indictment." *United States v. Anderson*, 783 F.3d 727, 740 (8th Cir. 2015) (quoting *United States v. Weathers*, 186 F.3d 948, 953-54 (D.C. Cir. 1999)). Where the court sets a pretrial motion deadline, such deadline establishes the timeliness of a Rule 12 motion. *See* Fed. R. Crim. P. 12(c); *see also United States v. Green*, 691 F.3d 960, 963 (8th Cir. 2012). Here, the court set a June 1, 2015 deadline for pretrial motions. *See* Amended and Substituted Criminal Trial Scheduling Order (docket no. 38) at 2. However, even though a motion is untimely if filed after the pre-trial deadline set by the court, "a court may consider the [motion] if the party shows good cause." Fed. R. Crim. P. 12(c)(3).

Because Defendant filed the Motion after the court's June 1, 2015 deadline, and likewise after his trial and conviction, the Motion is untimely if the alleged double jeopardy issue appeared on the face of the Indictment. *See Anderson*, 783 F.3d at 740. Defendant's argument in the Motion relies on his reading of the Indictment, the underlying statutory provisions and the court's jury instructions. *See* Brief in Support of Motion

(docket no. 189-1) at 1-5. The contents of the Indictment clearly appear on "the face" of the Indictment. So too do the relevant statutory provisions appear on the face of the Indictment. *See* Indictment at 1, 27, 29. Further, Defendant's argument with respect to the jury instructions concerns only the marshaling instructions for Counts 1 and 2. *See* Brief in Support of Motion at 2-3. The marshaling instructions largely track the language of §§ 1425(a) and 1425(b), tailored to the instant case, which involved the making of false statements. *See* Final Jury Instructions (docket no. 118) at 13-14. In sum, the court concludes that the issue raised in the Motion appeared on the face of the Indictment. *See United States v. Schropp*, __ F.3d __, __, 2016 WL 3947813, at *4 (8th Cir. July 22, 2016) (finding that the basis for a double jeopardy challenge appeared on the face of an indictment where the indictment clearly charged the defendant with the challenged offenses). Accordingly, because the issue was not raised before the pretrial motions deadline, the Motion is untimely.

Despite the Motion being untimely, the court may consider it if Defendant shows good cause. Defendant argues that good cause exists because his trial counsel provided ineffective assistance by failing to raise the issue before trial. Brief in Support of Motion at 6. However, the court need not decide the effectiveness of trial counsel on this matter because good cause exists on other grounds.[3] Throughout the entirety of the approximately fifteen months between the filing of the Indictment and Defendant's convictions at trial, Defendant was represented by trial counsel. Defendant retained present counsel only after he was convicted. *See* Notice of Attorney Appearance (docket no. 125). Present counsel was tasked with familiarizing himself with the complexities of the case, with which he had no prior involvement during the fifteen months that preceded his appearance. The court is mindful of the fact that, because present counsel did not appear until after Defendant's

---

[3] The court does note, however, that present counsel was himself untimely in filing the Motion, making his claim of ineffectiveness on similar grounds somewhat unusual.

convictions, he had no opportunity to raise the issue in the Motion before the court's pretrial deadline. Further, upon his appearance in the case, present counsel reasonably prioritized the filing of a Motion for New Trial (docket no. 131), which was extensively litigated. Present counsel has continued to actively represent Defendant in the months since the resolution of the Motion for New Trial. Additionally, although the Motion was filed on August 11, 2016, the parties anticipated Defendant's filing of the Motion as early as June 22, 2016. *See* June 22, 2016 Minute Entry (docket no. 169) (hearing wherein the parties discussed proposed deadlines for various motions anticipated by the parties, including the instant Motion). Based on the unique procedural posture and complexities of this case, as well as the meritorious constitutional claim raised in the Motion, discussed below, the court finds good cause for considering the Motion, despite its untimeliness. *See United States v. Trancheff*, 633 F.3d 696, 697 (8th Cir. 2011) (stating that "the district court has discretion to excuse" the implicit waiver of an issue that was not timely raised). Accordingly, the court will proceed to address the Motion on the merits.

### *B. Merits*

In the Motion, "Defendant moves to merge Counts 1 and 2 at time of sentencing, as failure to do so will result in multiple punishments for the same criminal offense, in violation of the [D]ouble [J]eopardy [C]lause." Brief in Support of Motion at 3. To support his claim that Counts 1 and 2 state the same offense, Defendant employs the test created in *Blockburger v. United States*, 284 U.S. 299 (1932), and contends that both counts do not require proof of any fact that the other does not. *See id.* at 4-5. The government argues that each count includes a distinct element. Resistance at 7-9.

"An indictment is multiplicitous if it charges the same crime in two counts." *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005). "The rule against multiplicitous prosecutions is based on the Fifth Amendment's Double Jeopardy Clause . . . ." *United States v. Emly*, 747 F.3d 974, 977 (8th Cir. 2014) (quoting *United States v. Hinkeldey*, 626

5

F.3d 1010, 1013 (8th Cir. 2010)). The Double Jeopardy Clause "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Anderson*, 783 F.3d at 739 (quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)). Therefore, "determining whether multiple punishments for the same offense violate the Double Jeopardy Clause is a matter of ascertaining legislative intent." *Id*. Where legislative intent is not apparent, courts must rely on the test articulated in *Blockburger*. *Id*. Under *Blockburger*, "[w]here 'the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.'" *United States v. Grimes*, 702 F.3d 460, 467 (8th Cir. 2012) (quoting *Blockburger*, 284 U.S. at 304). "[U]nless the two offenses each contain an element not found in the other, they are the same offense and double jeopardy bars additional punishment." *Id*.

The Eighth Circuit has recognized violations of the Double Jeopardy Clause where, for example, a defendant is simultaneously charged with: receiving and possessing the same images of child pornography, *United States v. Muhlenbruch*, 634 F.3d 987, 1003-04 (8th Cir. 2011); assault on a federal officer causing bodily injury and assault on the same federal officer with a deadly and dangerous weapon, *United States v. Roy*, 408 F.3d 484, 491 (8th Cir. 2005); and possession of a machinegun and possession of an unregistered machinegun with respect to the same machinegun, *United States v. Mann*, 701 F.3d 274, 286 (8th Cir. 2012). *See also, e.g.*, *Brown v. Ohio*, 432 U.S. 161, 168 (1977) (recognizing that prosecuting a defendant under both Ohio's joyriding and auto theft statutes violates the Double Jeopardy Clause when charged under the same facts). On the other hand, the Eighth Circuit has found no violation of the Double Jeopardy Clause where, for example, a defendant is simultaneously charged with: conspiracy to possess with intent to distribute a controlled substance and conspiracy to provide a controlled

6

substance to an inmate in a federal prison, where both charged conspiracies arose from the same transaction, *United States v. Holloway*, 128 F.3d 1254, 1257-58 (8th Cir. 1997); bank fraud and false statements, where both charges arose from false statements made by the defendant on credit card applications, *United States v. Honarvar*, 477 F.3d 999, 1002 (8th Cir. 2007); and possession of pseudoephedrine with reasonable cause to believe it would be used to manufacture methamphetamine and attempt to manufacture methamphetamine, *United States v. Beltz*, 385 F.3d 1158, 1161-62 (8th Cir. 2004). These cases illustrate that a single factual scenario that violates two statutes is not dispositive of a double jeopardy issue. Instead, "[i]n order to show a violation of [the Double Jeopardy] [C]lause, 'a defendant must show that the two offenses charged are in law and fact the same offense.'" *Roy*, 408 F.3d at 491 (quoting *United States v. Bennett*, 44 F.3d 1364, 1368 (8th Cir. 1995)).

The court finds no clear indication of legislative intent with respect to multiple punishments for the offenses at issue. Therefore, the court will proceed to consider the counts and associated statutes under the *Blockburger* test. Relying on the court's final jury instructions, Defendant identifies five elements for each of Counts 1 and 2. The elements to Count 1, alleging a violation of 18 U.S.C. § 1425(a), are: (1) "the defendant knowingly made one or more false statement(s)"; (2) the statements concerned a material matter; (3) the statements were made "for the purpose of procuring or attempting to procure the naturalization of himself or another person"; (4) procuring or attempting to procure naturalization was "contrary to law"; and (5) "the defendant knew that the statement or statements were false when he made them." *See* Final Jury Instructions at 13. The court adopted these elements as proposed by the parties. *See* Joint Proposed Jury Instructions (docket no. 87) at 14. The elements to Count 2, alleging a violation of 18 U.S.C. § 1425(b), are: (1) "the defendant knowingly made one or more false statement(s)"; (2) the statements concerned a material matter; (3) the statements were made "for the purpose of

7

procuring or attempting to procure the naturalization of himself or another person"; (4) Defendant or the person for whom naturalization was procured or attempted to procure was "not entitled" to naturalization; and (5) "the defendant knew that the statement or statements were false when he made them." *See* Final Jury Instructions at 14. The court adopted these elements as proposed by the parties. *See* Joint Proposed Jury Instructions at 15. Because elements (1), (2), (3) and (5) are identical (as drafted in the jury instructions), the *Blockburger* analysis depends on whether "contrary to law" and "not entitled," appearing as the fourth elements of the two counts, amount to distinct elements such that each count requires "proof of a fact which the other does not." *Grimes*, 702 F.3d at 467 (quoting *Blockburger*, 284 U.S. at 304).

The court concludes that "contrary to law" and "not entitled" are not distinct elements and that Counts 1 and 2 describe the same offense for purposes of double jeopardy. The phrase "contrary to law," as stated in 18 U.S.C. § 1425(a), "mean[s] 'contrary to all laws applicable to naturalization.'" *United States v. Maslenjak*, 821 F.3d 675, 686 (6th Cir. 2016). This includes laws stating criminal offenses and laws stating requirements for naturalization. *See id.* In the instant case, Count 1 of the Indictment alleged that Defendant procured or attempted to procure naturalization "contrary to" the following laws: 8 U.S.C. §§ 1427, 1429 and 1182, and 18 U.S.C. §§ 2, 1001(a)(2) & (3), 1015(a) and 1546(a). Indictment at 23. 8 U.S.C. § 1427 states the "[r]equirements of naturalization" and 8 U.S.C. § 1182 states factors that result in an alien being "ineligible to be admitted to the United States." The phrase "not entitled," as stated in 18 U.S.C. § 1425(b), requires the government to "prove that [the defendant] was not entitled to citizenship." *United States v. Moses*, 94 F.3d 182, 185 (5th Cir. 1996). Because naturalization requirements are codified at 8 U.S.C. § 1427 and naturalization disqualifiers are codified at 8 U.S.C. § 1182, a defendant who has procured naturalization to which he is "not entitled," as alleged in Count 2, has also procured naturalization "contrary to" §§

1427 and/or 1182, as alleged in Count 1. Indeed, the Indictment in this case simultaneously alleges that Defendant procured naturalization "contrary to" §§ 1427 and 1182 in Count 1, as noted above, and that Defendant procured naturalization to which he is "not entitled" in Count 2, citing §§ 1427 and 1182, *see* Indictment at 28-29. The Indictment further charges both counts based on the same facts and the same time period—namely, false statements made by Defendant in his applications for refugee status, permanent resident status and naturalization. *See id.* at 23-28; *see also Roy*, 408 F.3d at 491 (stating that two offenses which are the same "in law and fact" violate the Double Jeopardy Clause (quoting *Bennett*, 44 F.3d at 1368)). Therefore, Count 1 does not require proof of any fact that Count 2 does not also require. By proving that Defendant procured naturalization to which he was not entitled, the government simultaneously proved that Defendant procured naturalization contrary to the laws defining naturalization eligibility. Accordingly, Counts 1 and 2 are the "same offense" under the *Blockburger* test.

The government resists this conclusion by arguing that the court should apply the *Blockburger* test to elements different from those included in the final jury instructions. *See* Resistance at 7-9. Specifically, the government argues that the court should interpret § 1425(a) to require proof of materiality and should interpret § 1425(b) to not require such proof. *See id.*

The Eighth Circuit has not decided whether § 1425(a) requires proof of materiality. *See United States v. Nguyen*, __ F.3d __, __, 2016 WL 3878217, at *4 (8th Cir. July 18, 2016) (identifying a circuit split regarding whether materiality is required, but declining to "answer this unsettled question" and deciding the matter at issue on alternative grounds). Courts requiring a materiality element for § 1425(a) derive such requirement from *Kungys v. United States*, 485 U.S. 759 (1988), which addressed materiality in the context of denaturalization under 8 U.S.C. § 1451(a). These courts have "look[ed] to the standards governing materiality in the denaturalization context as a guide to determining

9

what is 'contrary to law' under 18 U.S.C. § 1425." *United States v. Puerta*, 982 F.2d 1297, 1301 (9th Cir. 1992). The majority of the circuits that have addressed the issue have found a materiality element to § 1425(a), relying on *Kungys*. *See, e.g.*, *United States v. Munyenyezi*, 781 F.3d 532, 536-37 (1st Cir. 2015); *United States v. Latchin*, 554 F.3d 709, 713 (7th Cir. 2009); *United States v. Alferahin*, 433 F.3d 1148, 1155 (9th Cir. 2006); *but see Maslenjak*, 821 F.3d at 683 (finding no materiality requirement). The court likewise interprets *Kungys* to apply to § 1425(a) and finds that a materiality element is required.

The Eighth Circuit has not addressed whether § 1425(b) requires proof of materiality, but the government identifies out-of-circuit cases that apparently do not require such proof. Resistance at 8. However, the court finds the rationale for a materiality element to be persuasive in the context of § 1425(b), as well as in the context of § 1425(a). For example, in *Latchin*, the Seventh Circuit summarized the materiality analysis from *Kungys* as requiring proof "that the [defendant] misrepresented a material fact *and* [that] it is 'fair to infer that the [defendant] was actually ineligible'" for naturalization. *Latchin*, 554 F.3d at 714 (quoting *Kungys*, 485 U.S. at 784 (1988)). It is clear from *Latchin* (and, by extension, from *Kungys*) that materiality is intertwined with any eligibility or entitlement inquiry, such as the one required in § 1425(b), and is therefore not restricted to § 1425(a). As such, the court finds that a materiality element is required for both counts at issue in the Motion. Therefore, the court declines the government's invitation to deviate from the elements as stated in the jury instructions, particularly where both parties agreed to and affirmatively proposed a materiality element for each count.

For the foregoing reasons, the court concludes that Defendant's convictions under Counts 1 and 2 of the Indictment are convictions for the "same offense" in violation of the Double Jeopardy Clause.

## C. *Harmless Error and Remedy*

The government argues that, even if Defendant's convictions for Counts 1 and 2 violate the Double Jeopardy Clause, such constitutional violation would be harmless error in the event that the court sentences Defendant to a sentence of twenty years or less—the statutory maximum penalty available if the convictions were consolidated. *See* Resistance at 15.

The court disagrees with the government's characterization of harmless error in this case. In the context of the Double Jeopardy Clause, "the second conviction, even if it results in no greater sentence, is impermissible punishment." *Rutledge v. United States*, 517 U.S. 292, 302 (1996) (quoting *Ball v. United States*, 470 U.S. 856, 865 (1985)). Therefore, it is the second conviction in itself, regardless of the sentence imposed by the court, that violates the Double Jeopardy Clause and precludes a finding of harmless error. Further, because it is "the second conviction" and not necessarily the sentence imposed that amounts to unconstitutional punishment, the court concludes that Defendant's proposed remedy of sustaining the convictions but merging them for purposes of sentencing is insufficient. Instead, the court concludes that the appropriate remedy to address the violation of the Double Jeopardy Clause is to vacate Defendant's conviction on Count 1 of the Indictment.[4] Only by vacating one of the offending convictions will the

---

[4] The court identifies Defendant's conviction under Count 1 as the appropriate conviction to be vacated. Both counts carry identical statutory maximum penalties of ten years imprisonment. *See* 18 U.S.C. § 1425. However, in this case, the court considers Count 1 to be a lesser-included offense of Count 2 because Count 2 "require[d] the jury to find a disputed factual element which is not required for conviction" under Count 1. *Sansone v. United States*, 380 U.S. 343, 350 (1965). Count 2 required the jury to find a disputed factual element—that Defendant was not entitled to naturalization under the particular laws defining eligibility, *see* 8 U.S.C. §§ 1182, 1427—that was not required for Count 1, which permitted the jury to find that Defendant procured naturalization contrary to either the class of laws at issue in Count 2 or, alternatively, contrary to some other law

(continued…)

unconstitutional punishment be redressed. *Id.* at 301-02 (stating that "the only remedy" available when a defendant is convicted in violation of the Double Jeopardy Clause "is for the District Court to exercise its discretion to vacate one of the underlying convictions" (alterations omitted) (quoting *Ball*, 470 U.S. at 864)). Accordingly, Defendant's conviction under Count 1 of the Indictment shall be vacated without prejudice at time of sentencing and Defendant shall be sentenced based solely on the remaining counts of conviction. *See Honken v. United States*, 42 F. Supp. 3d 937, 1038 (N.D. Iowa 2013) (vacating multiplicitous convictions without prejudice because such convictions "are subject to being reinstated . . . by the Eighth Circuit Court of Appeals or the Supreme Court in any subsequent appeal" (citing *United States v. Davenport*, 519 F.3d 940, 948 (9th Cir. 2008))).

## *IV. CONCLUSION*

In light of the foregoing, the Motion (docket no. 189) is **GRANTED**. Defendant's conviction under Count 1 of the Indictment shall be **VACATED** without prejudice at time of sentencing.

**IT IS SO ORDERED**.

---

⁴(…continued)
applicable to naturalization. *See Maslenjak*, 821 F.3d at 686. Because the government necessarily proved Count 1 when it proved Count 2, Count 1 is a lesser-included offense and Defendant's conviction on that count shall be vacated at time of sentencing in light of Defendant's conviction on the greater offense alleged in Count 2. *See Brown*, 432 U.S. at 168 ("As is invariably true of a greater and lesser included offense, the lesser offense . . . requires no proof beyond that which is required for conviction of the greater . . . .").

**DATED** this 2nd day of September, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA